IN RE: FRESENIUS GRANUFLO/NA-
TURALYTE DIALYSATE PROD-
UCTS LIABILITY LITIGATION.

MDL No. 2428.

United States Judicial Panel on
Multidistrict Litigation.

March 29, 2013.

Before KATHRYN H. VRATIL, Acting
Chairman, W. ROYAL FURGESON, JR.,
PAUL J. BARBADORO, MARJORIE O.
RENDELL, CHARLES R. BREYER,
and LEWIS A. KAPLAN, Judges of the
Panel.

## TRANSFER ORDER

KATHRYN H. VRATIL, Acting
Chairman.

**Before the Panel:** * Pursuant to 28
U.S.C. § 1407, plaintiffs in the District of
Massachusetts *Jones* action move to cen-
tralize this litigation in the District of Mas-
sachusetts. This litigation currently con-
sists of eleven actions pending in seven
district courts, as listed on Schedule A.[1]
The actions arise from injuries or deaths
allegedly caused by use of GranuFlo Acid
Concentrate (GranuFlo) and NaturaLyte
Liquid Acid Concentrate (NaturaLyte)
during hemodialysis.

All responding parties support the mo-
tion, but disagree as to the transferee dis-
trict. Movants, responding defendants,[2]
and plaintiffs in seven actions or potential
tag-along actions support transfer to the
District of Massachusetts. A separate
contingent of plaintiffs in thirty-one ac-

tions or potential tag-along actions in vari-
ous districts suggest centralization in the
Southern District of Mississippi. Plaintiffs
in six potential tag-along actions in the
District of New Jersey and the Eastern
District of New York suggest centraliza-
tion in the District of New Jersey. Anoth-
er group of plaintiffs with three actions or
potential tag-along actions in the Eastern
District of New York propose centraliza-
tion there. Additionally, plaintiffs in three
potential tag-along actions in the Eastern
District of Louisiana request centralization
in that district, while the plaintiff in a
Northern District of California potential
tag-along action requests centralization in
the Northern District of California. Final-
ly, a large number of plaintiffs request, in
the alternative, centralization in various
districts, including the Northern District
of Alabama, the Northern District of Cali-
fornia, the District of Massachusetts, the
District of New Jersey, and the Southern
District of Mississippi.

On the basis of the papers filed and the
hearing session held, we find that these
actions involve common questions of fact,
and that centralization of all actions in the
District of Massachusetts will serve the
convenience of the parties and witnesses
and promote the just and efficient conduct
of this litigation. All the actions share
common factual questions arising out of
allegations that plaintiffs suffered injury or
death caused by the use of GranuFlo
and/or NaturaLyte products during hemo-
dialysis, which allegedly may cause meta-
bolic alkalosis in patients resulting in low
blood pressure, hypokalemia, hypoxemia,
hypercapnia, cardiac arrhythmia, or car-

---

* Judge John G. Heyburn II took no part in the
decision of this matter.

1. The parties have notified the Panel of 119
related actions pending in 16 districts. These
and any other related actions are potential
tag-along actions. *See* Panel Rule 7.1.

2. The responding defendants include: Fresen-
ius USA, Inc.; Fresenius USA Manufacturing,
Inc.; Fresenius USA Marketing, Inc.; and
Fresenius Medical Care Holdings, Inc. (col-
lectively, Fresenius).

diopulmonary arrest. All the actions involve factual questions relating to whether GranuFlo and NaturaLyte were defectively designed or manufactured, whether Fresenius, the manufacturer of these dialysate products, knew or should have known of the alleged propensity of these products to cause injury, and whether it provided adequate instructions and warnings with these products. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Weighing all factors, the District of Massachusetts stands out as an appropriate transferee forum. Four of the eleven actions on the motion are pending in this district, as are another twenty-seven related actions. The district is favored both by Fresenius and by numerous plaintiffs. It has a nexus to this nationwide litigation given that Fresenius is headquartered in Waltham, Massachusetts, and relevant witnesses and documentary evidence common to all the actions are likely to be found there. Additionally, at the hearing, the parties informed the Panel that there are over seventy actions pending in Massachusetts state court, and centralization in the District of Massachusetts likely will facilitate coordination with the pending state litigation. We are convinced that the District of Massachusetts has the necessary judicial resources and expertise to efficiently manage this litigation, and, by selecting the Honorable Douglas P. Woodlock to preside over this litigation, we are selecting a jurist with the willingness and ability to handle this litigation, but who is not presently presiding over other multidistrict litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Massachusetts are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Douglas P. Woodlock for coordinated or consolidated pretrial proceedings with the action pending there.

## SCHEDULE A

MDL No. 2428 — IN RE: FRESENIUS GRANUFLO/NATURALYTE DIALYSATE PRODUCTS LIABILITY LITIGATION

*Southern District of Florida*

*Gloria Washington Smith, etc. v. Fresenius USA, Inc.,* et al., C.A. No. 1:12–23634

*Middle District of Georgia*

*Melissa Mott Harvey, etc. v. Fresenius Medical Care Holdings Inc.,* et al., C.A. No. 4:12–00328

*Northern District of Georgia*

*Antonio McCollum, et al. v. Fresenius Medical Care Holdings, Inc.,* et al., C.A. No. 1:12–04158

*Southern District of Georgia*

*Waddell Bishop, etc. v. Fresenius USA, Inc.,* et al., C.A. No. 6:12–00086

*District of Massachusetts*

*Patricia Jones, et al. v. Fresenius Medical Care North America Inc.,* et al., C.A. No. 1:12–12022

*Edward W. Johnson, etc. v. Fresenius Medical Care North America, Inc.,* et al., C.A. No. 1:12–12295

*Stephanie Boone v. Fresenius Medical Care North America, Inc.,* et al., C.A. No. 1:12–12296

*Clarence Lee Dubose, Jr., etc. v. Fresenius Medical Care North America, Inc.,* et al., C.A. No. 1:12–12306

*Eastern District of New York*

*Carmen Campbell, et al. v. Fresenius Medical Care Holdings, Inc.,* et al., C.A. No. 1:12–05586

*Elizabeth Kirk, et al. v. Fresenius Medical Care Holding, Inc.,* et al., C.A. No. 1:12–05981

*Southern District of Ohio*

*Deborah Swigert, et al. v. Fresenius USA, Inc.,* et al., C.A. No. 2:12–01046